IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil Action No. 05-6336-ABB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNOCO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

August  24 , 2009                                                              Anita B. Brody, J.

On January 9, 2009, Sunoco filed a summary judgment motion asking the Court to find, in part, that the United States is liable to Sunoco under the Tank Act. Among other objections to Sunoco's counterclaim discussed in my previous opinion, the United States claimed that Sunoco should not be awarded attorneys' fees and costs because the United States has not waived sovereign immunity as to attorneys' fees and expenses under state statutes.

I previously decided that the United States waived their sovereign immunity as to attorneys' fees and costs under the Tank Act through 42 U.S.C. § 6991f. On July 31, 2009, the United States asked me to reconsider this finding because they did not have an opportunity to present argument regarding 42 U.S.C. § 6991f, as this was first raised in Sunoco's reply brief. Upon further reflection and with the benefit of the United States' argument on this issue, I find that the waiver contained in 42 U.S.C. § 6991f is too vague to constitute an express waiver of sovereign immunity as to attorney's fees and costs.

The Tank Act gives a court discretion to award litigation costs, including attorneys' fees, to any party.  35 Pa. Stat. Ann. § 6021.1305(f).  42 U.S.C. § 6991f states that the United States:

> shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirement for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting underground storage tanks in the same manner, and to the same extent, as any person is subject to such requirements . . . . The United States hereby expressly waives any immunity otherwise applicable to the United States with respect to any such substantive or procedural requirement.

42 U.S.C. § 6991f.

42 U.S.C. § 6991f establishes that the United States is subject to the same substantive and procedural requirements as any person under state laws regulating underground storage tanks.

The United States is not liable for attorneys' fees or costs without an express waiver of sovereign immunity, and this waiver must be "unequivocally expressed in statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  Although no court has interpreted the language in 42 U.S.C. § 6991f, the Third Circuit has explained that waivers of sovereign immunity must be interpreted narrowly and in favor of the sovereign.  Cudjoe v. Dep't of Veterans Affairs, 426 F.3d 241, 247 (3d Cir. 2005).  Furthermore, the waiver must be unambiguous in order to construe it against the sovereign.  Id. at 246.  In Cudjoe, the Third Circuit interpreted a waiver provision nearly identical to 42 U.S.C. § 6991f to preserve the United States' sovereign immunity against suits for money damages under the Residential LeadBased Paint Hazard Reduction Act because the waiver provision did not explicitly reference money damages and because a damages action did not qualify as a "substantive or procedural requirement."  Id.  That court held that the plain language of the statute subjected the United States to lead-paint requirements and related penalties, such as fines.  Id. at 248.  To interpret a waiver of sovereign immunity, courts should

begin by examining the plain language of the statute that potentially waives said immunity.  Id. at 246.

42 U.S.C. § 6991f does not mention attorneys' fees or costs and the language, "any such substantive or procedural requirement" is too broad to constitute a valid waiver of sovereign immunity regarding attorneys' fees or expenses.  Therefore, the United States' Motion for Reconsideration (Doc. #249) is granted.  Sunoco may not seek attorneys' fees or costs from the United States under the Tank Act.

s/Anita B. Brody

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to: